**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

      Plaintiff-Appellee,

    -vs-                                                         **Case No. 09-CR-131**
                                                                              (USCA No. 12-1281)

**IVY TUCKER,**

      Defendant-Appellant

## DECISION AND ORDER

Pro se Appellant, Ivy Tucker ("Tucker"), has filed a motion to obtain former trial and appellate counsel's records pursuant to 28 U.S.C. § 736(f), so that he can prepare his motion for relief pursuant to 28 U.S.C. § 2255.

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ali,* 619 F.3d 713, 722 (7th Cir. 2010) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). There are exceptions to this rule, however.

The Court may consider Tucker's motion pursuant to 28 U.S.C. § 753(f) because the provision permits either a "trial judge" or a "circuit judge" to certify that an appellant is entitled to relief. Section 753(f) of Title 28 of the United States Code provides that fees for transcripts furnished in proceedings brought under § 2255 to

persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

In this instance, Tucker anticipates that he will need copies of the files of his former trial and appellate counsel. However, Tucker's appeal has not been resolved and he has not yet filed a § 2255 motion, so his request is premature. *See United States v. Horvath,* 157 F.3d 131, 132–33 (2nd Cir. 1998) (collecting cases). Furthermore, Tucker is relying on the federal statute in requesting an order compelling his attorneys to produce their files and records regarding his case. Section 753(f) does not afford the authority for issuance of the order sought by Tucker. For the reasons stated, Tucker's motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Tucker's motion to obtain former trial and appellate counsel's records pursuant to 28 U.S.C. § 736(f) (ECF No. 619) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2013.

                                            **BY THE COURT:**

                                            *[signature]*
                                          HON. RUDOLPH T. RANDA
                                          **U.S. District Judge**